IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRELL BOLTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-0501-K |
| | § | |
| CITY OF DALLAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The Court has before it Defendants' Motion for Summary Judgment. Because Plaintiff Terrell Bolton ("Plaintiff") was terminated and not demoted, Chapter 12, Section 5 of the Dallas City Charter confers no property rights on Plaintiff and for that reason, the Court **GRANTS** the motion.

I.  **Factual Background**

Plaintiff was appointed Chief of Police of the Dallas Police Department ("DPD") on August 20, 1999, to be effective October 1, 1999. On August 27, 2003, Defendant Ted Benavides ("Benavides"), Dallas City Manager, terminated Plaintiff's employment. At the time of termination, Benavides did not state the reason for the action. At a later date, upon the request of Plaintiff's counsel, Benavides stated in a letter twenty reasons for the action. Benavides testified at his deposition that Plaintiff was not terminated for cause.

ORDER – PAGE 1

**II.     Legal Standards**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 322-25.  Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57(1986).  The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantial assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).  Neither merely colorable evidence nor a mere scintilla of evidence can defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-52.  All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

**III.    Property Interest**

In his First Amended Complaint, Plaintiff claims he has "a constitutionally protected property interest in continued employment with the DPD at the last Civil Service Rank he held prior to being appointed to the Executive Ranks." Plaintiff

contends the language of Chapter 12, Section 5 of the Charter confers this property interest on him. Section 5 states:

> If the chief of the police department. . .was selected to that position from the ranks of the police department and is removed from the position on account of unfitness for the discharge of the duties of the position, and not for any cause justifying dismissal from the service, the chief. . .shall be restored to the rank and grade held prior to appointment to the position, or reduced to a lower appointive rank.

Defendants contend Plaintiff did not have a property interest in his continued employment with the DPD. Specifically, they argue Section 5 did not vest Plaintiff with a property interest because (1) he was not appointed to the executive position from the ranks of the department, (2) he was not terminated for unfitness, and (3) Benavides had sufficient reason to terminate Plaintiff.

Plaintiff responds that Section 5 vested him with a property interest in continued employment with the department because, since he was not removed "for cause," Section 5 required he be demoted rather than terminated.

A.   **Termination for Unfitness**

The Court looks first to Defendants' argument that Section 5 did not vest Plaintiff with a property interest in his continued employment with the DPD because he was not terminated for unfitness. The Court finds the opinions issued by the Fifth Circuit and this district court in *Muncy v. City of Dallas* to directly address the issue before the Court in this case. *Muncy v. City of Dallas*, 2001 WL 1480770, Civ. Nos. 99-CV-2960P, 00-CV-0588H (N.D. Tex. Nov. 19, 2001) (Solis, J.), *aff'd*, 335 F.3d 394

(5th Cir. 2003). In *Muncy*, the plaintiff-police officers had been removed from their appointed executive level positions with the DPD and returned to their prior civil service ranks prior to their complaints being filed against the City. One plaintiff had been Executive Assistant Chief of Police, the second highest command position within the DPD, then was removed and demoted to Sergeant, his highest rank position before being appointed to an executive level position. The other plaintiff had been Deputy Chief of Police, but was demoted to Lieutenant, his highest rank position. The plaintiffs argued Section 5 conferred on them a property interest in their appointed positions. This court held:

> Section 5 is a very specific provision applicable only to one very limited circumstance. Section 5 sets out the procedure for *demotion* of an employee who was promoted to a high-ranking police position who was found to be unfit for such position. The Charter sets out a provision for dealing with this limited circumstance; it does not provide a blanket property right for all high-ranking police officials.

*Muncy*, 2001 WL 1480770 at *7 (emphasis added). On appeal, the Fifth Circuit concluded, "Section 5 does not serve as a limit on the City's ability to remove in the first instance, but rather it serves as a limit on the City's ability to retain a former executive at his previous rank." *Muncy*, 335 F.3d at 399-400. The Fifth Circuit found that an employee at an executive level *may* be retained in the police department only when "the 'unfitness for duty' does not rise to the level of 'cause warranting dismissal.'" *Id.* at 399. The court also pointed out that removal of an executive level employee is not

conditioned on cause or even unfitness. *Id.* Rather, Section 5 addressed only this specific instance of the City's ability to retain an employee. *See id.* at 399-400.

This Court acknowledges the property interest the *Muncy* plaintiffs claimed was one in their continued employment in their executive level positions, while this Plaintiff claims a property interest in his continued employment in his prior civil service rank prior to being in an executive level position. Despite this difference, the analysis in the *Muncy* opinions are on point, directly addressing the issue of whether Section 5 confers any property rights to an executive level employee. Both courts analyzed in depth Section 5 and to what situations it was intended to apply. This Court understands these opinions to hold that Section 5 was intended to apply only to situations involving the choice of the City to retain an executive level employee removed from his position. Section 5 was not intended to provide the City an either/or scenario in relation to the removal of an executive level employee, in that either the employee is unfit for duty and thereby demoted, or the employee is terminated for cause. The *Muncy* opinions establish for this Court that Section 5 was not intended to limit the City to only two reasons for removing or terminating an executive level employee, that being either unfitness or cause. *Muncy* stands for the proposition that the City manager may terminate the police chief or the City manager may demote the police chief. If the City manager chooses to demote the police chief, then the police chief shall be placed at his prior civil service position just before becoming chief. This case applies to the situation involving the level to which an executive level employee *may* be demoted if not fired.

ORDER – PAGE 5

Applying the courts' reasoning and holdings in this case, this Court finds that Section 5 does not confer any property rights to Plaintiff. Section 5 does not apply in this case because Plaintiff was terminated, not demoted, and the *Muncy* opinions establish that Section 5 was intended to apply only to situations involving the demotion of an executive-level position. *See Muncy*, 335 F.3d at 399-400; *Muncy*, 2001 WL 1480770, at *6-7.

Because the Court finds Plaintiff did not have a property interest in his prior rank position, the Court need not address the viability of Plaintiff's remaining claims.

## IV.   Conclusion

The Court finds case law clearly provides that Plaintiff did not have a property interest in his prior rank position with the DPD by virtue of Section 5. Accordingly, because no fact issue exists, the Court **GRANTS** Defendants' motion for summary judgment.

**SO ORDERED.**

Signed September 20th, 2005.

s/ Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE